Frazier, J.
This is a petition in error, and the record is quite voluminous, and counsel have submitted the case upon some 'of the questions arising during the trial. Our attention has neither been called, nor have we looked to the whole record, as it is submitted, as we understand, upon questions that will be decisive of the several questions made in the case.
Matilda C. Avery, a married woman, was the owner of about eleven acres of land, situate within the village of Painesville. She, with her husband, joined in a lease, properly executed and-acknowledged under the provisions of our statute, by which she leased to Drs. House & Marshall the premises described as about eleven acres of land and known as Avery Place, for the purposes of a private sanitarium. It appears from the petition that a month’s rent is due, one hundred dollars, and suit is brought to recover the rent. The copy of the lease is annexed to and filed with the petition — properly, under our rules of pleading, not made a part of the petition. The defendants, House & Marshall, bjr their answer set up that the premises were rented, as I have said, for a private sanitarium, and that after they had entered into the occupancy of the premises, the house was burned, and they claim that under and by virtue of the provisions of sec. 4113, of the Revised Statutes, they are released from their covenants in the lease.
Sec. 4113 provides that, “The lessee of any building which, without any fault or negligence on his part, is destroyed or so injured by the elements, or other cause, as to be unfit for occupancy, shall not be liable to pay rent to tbe lessor or owner thereof, after such destruction or injury, unless otherwise expressly provided by written agreement or covenant; and the lessee shall thereupon surrender possession of the premises so leased.” This is a substantial transcript of the statute that *248 had been enacted and was in existence at the time of the revision of the statutes, and we are referred to that statute; and our supreme court commission, in commenting upon this statute, say that it is a transcript of the New York statute upon the subject, and that it should receive the construction which was given to it by the state from which it was adopted, and prior to its adoption as part of the legislation of this state. An examination, however, of the New York authorities does not disclose a decision or construction of that statute in the particular involved in the first or main proposition in this case. I mean by that, what would pass by the term i: building” where there are no other words used in the statute, or in the grant.
So far as we have been able to ascertain, or so far as counsel have referred us to authorites, we are unable to find any question arising under a statute similar to this, where the statute has received a construction; hence the common law is the only aid which we have, and which we conceive to be an aid as to determining what would pass under the grant of the building. It will be remembered that the statute provides for the lessees of buildings — not, as they might have provided, for the lessees of any premises upon which there was a building; and I have assumed, for such was conceded in the argument to be the case and such is the undoubted law as it stood 'at common law, that under a lease, even though the building was wholly destroyed, although it might have been a lease of a building only, or a room in a building, the lessee would have been bound, by his covenant, to have paid rent to the end of the term, unless his contract otherwise specially provided.
During the progress of the trial questions were made as to the admissibility of evidence; and charges were asked and charges given upon both sides. The court charged the jury; and exceptions are taken, not only to the refusal to give the charges upon the one side, but to their being given upon the other side; and also exceptions to certain specific parts of the general charge.
It is contended, upon the part of’the plaintiff in error, that as the lease, by its terms, shows, upon its face, that the prem *249 ises described contained certain other buildings and premises, and eleven acres of land, that it shows that the plaintiff was entitled to recover.. As I have said, counsel did not read the' whole of this record, nor have we read this record ourselves; but I have looked at the index, and I am unable to find from the index, as to the evidence admitted, that this lease was given in evidence, or was before the court or jury-in the determination of the case, although a copy was annexed to the petition and marked “ Exhibit A; ” nor was there so far as the requests are concerned, by plaintiff in error, any request for the court to interpret the contract, as a court is sometimes required to construe and interpret a written instrument. The issues then, as made by the pleadings upon the one side and upon the other, are the issues made. Evidence was given, first by Dr. Marshall, one of the defendants in error, who gives a description of the premises (and I may say that this was given against the exception of the plaintiff); also, afterward, and after this evidence was admitted, and against the objection of the defendants, Charles A. Avery, when called as a witness, described these premises; and he gave a rental value to each of the several remaining portions of the premises, and from the evidence in the case it would appear, substantially, that the rental value would be $265. The whole rental, I may remark, was, for the three first years, $1,200 a year, or $100 per month. With these issues and this evidence the defendants below requested the court to charge the jury, and the court did charge the jury by the first and second requests made by the defendants below : “ And we say to you as a matter of law, that the benefits of this statute are not to be confined or limited to those who merely lease buildings alone without any land whatever being included in the lease; but its provisions are to be extended to that class of cases where the building so injured or destroyed, constitutes the real motive and consideration which induced the tenant to lease the premises, and where whatever land or outbuildings there may be upon the premises, are but mere incidents to the house for its more perfect and complete enjoyment.”
*250 Now, was the rule given by the court the correct rule, or what rule should have been given by the court ? The authorities say, that where a house is demised without any other description, bounded upon the public street, the lessee by implication and as an incident to the estate acquires the exclusive right to the use of all land in front of the house; an exclusive right, except so far as it is qualified, to the reasonable use, if the title thereto be in his landlord. And again it is said there are some words which signify more than at first sight seem to import. By a demise of a house a garden will pass, as considered to be an incident of a house, together with a shed or privy at the further end thereof. The demise passes all of the garden, and therefore, the lessor cannot build on the garden. Again, it is said the demise of a house, or a barn, without other words to extend its meaning, will pass no more land than is necessary for its complete enjoyment, and it is also laid down by the authorities, as to the quantity of land that may pass, that it may be different in populous cities, as in London, from what it would be in a more sparsely inhabited section of the country.' Taking the authorities together, we think that the rule which should have been given to the jury is that under this statute the extent of the territory or premises that would be included under the - designation “ building ” or “ dwelling-house ” in this case, or whatever we may call it, the house burned, being, as I have said in the .-statute, without any qualifying word to restrict or extend its meaning, would pass no more land than is necessary for its complete enjoyment, and it was hence proper under the pleadings and the issues in this case that the description of the premises should be given to the jury, in order that they might determine what, under the statute, would be included ; I mean by that, under the authorities that I have indicated, the situation; as we have seen in the one case that the grant of the buildings together with a shed and privy at the rear passes with it a garden, also the grant of a house, where they had been using and occupying a garden with it, the grant of a house alone, without qualifying words will -pass with it the garden. The situation of the premises as is said in some of the cases, and some authorities go further and say the purpose *251 for which the premises were occupied, and the situation in life of the occupant or lessee, may be 'taken into consideration. But this case does not require us to say what under certain circumstances might pass, nor do we attempt to lay down for the trial court, if the case again is tried, the law which he shall give to the jury, under the circumstances and the evidence, as it may be developed upon another trial to a jury ; but we do hold that in the particular referred to, that is in the giving of the first and second requests of the defendant below, and in the giving of the request to which I have referred and read from page 169 — that part of it — the court of common pleas erred, and for such error the case will be reversed and remanded to the court of common pleas for further proceedings.
Complaint, however, is made in argument by counsel as to the charge of the court in this particular, and also a claim that the verdict is contrary to the law and evidence, and not supported by sufficient evidence in regard to the extent of the injury to the buildings. So far as the charge of the court is concerned, we think that taking the whole of the charge of the court upon that question, it is a3 liberal as should have been asked for by the plaintiffs below and plaintiffs in error. The court says is regard to the extent of the injury: “ It must be shown to be such an injury to the building as substantially deprives the defendants of its use and enjoyment during the balance of the term of the lease. A mere temporary injury to a part of the rooms of a house, which, though it temporarily unfit the house for occupation, but from which it.might be made fit for occupation within a few days by repairs, is not in law such an injury to the building as is contemplated by the statute. And in such a case the tenant would have no right to terminate the lease, and. although under such circumstances he should abandon the premises without the consent of the landlord, he would still be liable for the rent according to the terms of the lease.” It is unnecessary to consume further time. I will repeat, for the errors in giving the first and second requests asked by the defendants, and for the error in this charge : “ And we say to you, as matter of law, that the benefits of this statute are not to be confined or limited to *252 those who merely lease buildings alone without any land whatever being included in the lease, but its provisions are to be extended to that class of cases where the building so injured or destroyed, constitutes the real motive and consideration which induced the tenant to lease,” etc., this case is reversed. We might, if necessary, give illustrations where the true inducement of the tenant would be a small part of the consideration; it might be some peculiar convenience that would satisfy his peculiar ideas, notions or whims. It might be that the inducements to lease a property of great rental value might be the enjoyment, for instance, of the fruit of a few vines. It will not doto leave it to the private notions of the lessee. And also, I should have said, we find that there was error in the charge in the manner in which he gave the requests of the defendant below; that is, he says, “Gentlemen: — -The defendants ask that we give you in charge the following which we give you as correct general propositions of law except so far as modified by the general charge of the court.” While it does not appear from the record itself that any request was made to the court to charge in writing, yet we understand from the nature of the charge that it was so made. This mode of giving a request is equivalent to the court saying: “ This, gentlemen of the jury, is the law, except where I have qualified it.” It was the duty of the judge in giving these charges to have sticken out and refused to give any matter which he did not regard as being the correct law.
A. L. Tinker and J. B. Burrows, for plaintiffs in error.
Perry Bosworih and Horace Alvord, for defendants in error.
I might add, as to-the main charges, counsel for defendants probably cannot complain of the court, as the evidence was evidently treated and the charges given upon the theory of the law as claimed by defendants below.
Judgment reversed, and cause remanded for further proceedings.